UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

ANGELICA PAINTER,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues CARNIVAL CORPORATION and alleges:

**PRELIMINARY ALLEGATIONS**

1. The Plaintiff, ANGELICA PAINTER, is a citizen of Texas.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity incorporated in Panama with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. As such, this matter falls under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Further, this matter is being filed in the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida, as required by the forum selection clause contained within the Cruise Ticket Contract issued by Defendant.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

- 2 -

  c. Operated vessels in the waters of this state;

  d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

  e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

  f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Carnival Sunrise*.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, the *Carnival Sunrise.*

8. At all times material hereto, Defendant had exclusive custody and control of the *Carnival Sunrise*.

9. On or about October 11, 2021, the Plaintiff was a paying passenger aboard the *Carnival Sunrise*, which at all times material was in navigable waters.

10. On or about October 11, 2021, the Plaintiff severely injured her coccyx when she slipped and fell on a wet, slippery and/or hazardous condition while descending a staircase on the Lido Deck of the *Carnival Sunrise* (hereinafter referred to as the "subject area").

11. The unreasonably slippery substance and/or hazardous flooring condition was not open and obvious and the Plaintiff had no way of knowing the existence of the hazardous condition. There was nothing the Plaintiff could have done to have prevented her incident.

12. The Defendant knew of the dangerous conditions aboard the *Carnival Sunrise* which caused Plaintiff's incident because on or about September 13, 2021, another passenger slipped on a slippery substance and/or hazardous flooring condition and fell while descending the same or similar staircase on the Lido Deck.

### **COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

13. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

14. At all times material hereto, it was the non-delegable duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

15. On or about October 11, 2021, Plaintiff was on the Lido Deck of the *Carnival Sunrise*, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

16. On or about October 11, 2021, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

    a. Failure to warn of the unreasonably slippery substance and/or hazardous flooring condition of the subject area;

    b. Failure to warn of the risks and/or dangers associated with the unreasonably slippery substance and/or hazardous flooring condition of the subject area;

    c. Failure to warn that there would not be adequate handrails or other assistance so that passengers, including the Plaintiff, had a reasonably safe area to walk;

    d. Failure to warn of the hazard(s) posed to passengers, including the Plaintiff, due to improper and/or inadequate maintenance and/or inspection of the area where passengers were required to walk aboard the vessel;

e. Failure to warn that the flooring surface becomes unreasonably hazardous and/or slippery when wet;

f. Failure to warn of other accidents previously occurring on same area and/or type of flooring surface under substantially similar circumstances;

g. Failure to verbally warn and/or place warning signs on or around the unreasonably slippery substance and/or hazardous flooring surface in the subject area;

h. Failure to block off or place a caution sign so as to warn passengers including Plaintiff of the unreasonably slippery substance and/or hazardous flooring surface in the subject area; and/or

i. Failure to warn passengers, including the Plaintiff, of the dangerous condition.

17. The above acts and/or omissions caused and/or contributed to the Plaintiff being injured because Plaintiff would not have used the subject area had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

18. At all times material hereto, the subject area was not properly or adequately maintained so as to warn passengers, including the Plaintiff, of the unreasonably slippery substance and/or unreasonably slippery flooring surface, thereby creating a dangerous and/or hazardous condition.

19. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.  This knowledge was or should have been acquired through Defendant's maintenance, inspection and/or supervision of the subject area and/or through prior incidents involving passengers injured due to the unsafe flooring conditions including, but not limited to, unreasonably slippery substances and/or hazardous flooring surface areas without adequate or sufficient handrails or other assistance, while aboard Defendant's vessels and/or other vessels reported within the cruise industry.  Additionally,

Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident as a result of a prior slip and fall incident of a passenger descending the same or similar staircase aboard the *Carnival Sunrise* on or about September 13, 2021.

20. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT II – NEGLIGENT MAINTENANCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

21. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

22. At all times material hereto, it was the non-delegable duty of Defendant to maintain its stairs, walkways, platforms, and decks in a reasonably safe condition so that passengers, including the Plaintiff, had a reasonably safe means of walking aboard the vessel.

23. On or about October 11, 2021, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to establish the subject area in a clean and dry manner so that passengers, including the Plaintiff, were reasonably safe aboard the vessel;

   b. Failure to maintain the subject area in clean and dry manner so that passengers, including the Plaintiff, were reasonably safe aboard the vessel;

   c. Failure to maintain a reasonably safe walking area so that passengers, including the Plaintiff, had were reasonably safe aboard the vessel;

   d. Failure to regularly maintain slip resistant materials and/or non-skid strips in the subject area;

   e. Failure to adequately and regularly inspect the subject area for unsafe flooring conditions so that passengers, including the Plaintiff, were reasonably safe aboard the vessel; and/or

   f. Failure to adequately and regularly monitor the subject area to maintain it free of hazardous conditions so that passengers, including the Plaintiff, were reasonably safe aboard the vessel.

24. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

25. At all times material hereto, the subject area was not properly or adequately maintained or inspected so that passengers, including the Plaintiff, could walk aboard the vessel in a reasonably safe manner, thereby creating a dangerous and/or hazardous condition.

26. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to inspect and/or maintain the subject area, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them.  This knowledge was or should have been acquired through Defendant's set up, maintenance, inspection and/or supervision of the subject area and/or

through prior incidents involving passengers injured due to the unsafe flooring conditions including, but not limited to, unreasonably slippery substance and/or hazardous flooring surface area without proper or sufficient handrails or other assistance, while walking on Defendant's vessels or other vessels reported within the cruise industry. Additionally, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident as a result of a prior slip and fall incident of a passenger descending the same or similar staircase aboard the *Carnival Sunrise* on or about September 13, 2021.

27. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

28. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

29. At all times material, Defendant through its crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failure to provide passengers, including Plaintiff, with a reasonably safe area to walk aboard the vessel;

   b. Failure to provide proper and/or sufficient handrails or other assistance so that passengers, including Plaintiff, had a reasonably safe area to walk aboard the vessel;

   c. Failure to provide proper and/or sufficient instructions to passengers so that passengers, including Plaintiff, had a reasonably safe area to walk aboard the vessel;

   d. Failure to provide slip resistant materials and/or non-skid strips in light of the anticipated weather conditions, sea conditions, and traffic given the anticipated purpose of the subject area;

   e. Failure to select and/or utilize reasonably safe flooring material, slip resistant materials and/or non-skid strips so that the subject area aboard the vessel was reasonably safe for passengers like Plaintiff;

   f. Failure to adopt policies and procedures so that the subject area aboard the vessel was reasonably safe for passengers like Plaintiff;

   g. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of unreasonably slippery conditions and/or hazards where passengers like Plaintiff are expected to walk aboard the vessel;

   h. Failure to promulgate and/or enforce adequate policies and procedures to ensure that verbal warnings or warnings signs are placed on or around the subject area where passengers like Plaintiff are expected to walk aboard the vessel and/or that such areas are blocked off;

   i. Failure to test and/or adequately evaluate flooring conditions in light of the anticipated weather conditions and traffic given the anticipated purpose of the subject area;

   j. Failure to properly train, supervise and/or monitor crewmembers so that subject area aboard the vessel was reasonably safe;

   k. Failure to ascertain the cause of prior similar accidents happening on any of the Defendant's vessels fleet wide so as to take adequate measures to prevent their

- 9 -

  reoccurrence, and more particularly Plaintiff's accident; and/or

 l. Failure to select and/or utilize reasonably safe safety mechanism to avoid surface inconsistencies and/or hazardous conditions in the subject area in light of the anticipated foot traffic given the purpose of the subject area.

30. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them. This knowledge was or should have been acquired through Defendant's set up, maintenance, inspection and/or supervision of the subject area and/or through prior incidents involving passengers injured due to the unsafe conditions including, but not limited to, unreasonably slippery substances and/or unreasonably slippery flooring surfaces, thereby creating a hazardous condition, while on Defendant's vessels and/or other vessels reported within the cruise industry. Additionally, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident as a result of a prior slip and fall incident of a passenger descending the same or similar staircase aboard the *Carnival Sunrise* on or about September 13, 2021.

31. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: October 5, 2022.              Respectfully submitted,

>                             LIPCON, MARGULIES
>                             & WINKLEMAN, P.A.
>                             *Attorneys for Plaintiff*
>                             One Biscayne Tower, Suite 1776
>                             2 S. Biscayne Boulevard
>                             Miami, Florida 33131
>                             Telephone No.: (305) 373-3016
>                             Facsimile No.: (305) 373-6204
>
>                         By: */s/ Stefanie A. Black*
>                             **JASON R. MARGULIES**
>                             Florida Bar No. 57916
>                             jmargulies@lipcon.com
>                             **STEFANIE A. BLACK**
>                             Florida Bar No. 111903
>                             sblack@lipcon.com